## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

| | |
|---|---|
| Janice Cox, ) | Civil Action No. 6:13-00747-JMC |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Assisted Living Concepts, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Janice Cox ("Plaintiff") filed this action against her former employer, Defendant Assisted Living Concepts, Inc. ("Defendant"), alleging that she was subjected to discrimination because of her age and race in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, the Civil Rights Act of 1866 ("§ 1981"), 42 U.S.C. § 1981, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17.  (ECF No. 7 at 3-5.)  Plaintiff also asserts state law claims for wrongful termination, breach of employment contract, and age and race discrimination in violation of South Carolina Human Affairs Law ("SCHAL"), S.C. Code Ann. §§ 1-13-10 to -110 (2013).  (Id.)

This matter is before the court on motions by Defendant to (1) partially dismiss the amended complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6)[1]; and (2) compel arbitration and dismiss the action pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6) or,

---

[1] As described below, Defendant filed a partial motion to dismiss claims in the complaint because neither Title VII nor § 1981 address age discrimination.  (See ECF Nos. 6, 6-1 at 3-4.)  Plaintiff immediately filed an amended complaint, but Defendant maintained that the defects alleged in the original complaint remained in the amended complaint.  (ECF No. 10 at 3 n.1.)  As a result, the Magistrate Judge considered the arguments presented in the partial motion to dismiss the complaint as being addressed to Plaintiff's amended complaint.  (ECF No. 32 at 11-12 (citing, e.g., Charles Alan Wright, et al., Federal Practice and Procedure § 1476 (3d ed. 2011) ("[I]f some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading [because to] hold otherwise would be to exalt form over substance.")).)

in the alternative, stay the proceedings. (ECF Nos. 6, 10.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) D.S.C., the matter was referred to United States Magistrate Judge Kevin F. McDonald for pretrial handling. On November 19, 2013, the Magistrate Judge issued a Report and Recommendation in which he recommended that the court grant Defendant's motion to compel arbitration and dismiss the action. (ECF No. 32.) Plaintiff objected to the Magistrate Judge's recommendation to compel arbitration of her claims. (ECF No. 34.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's recommendation, **GRANTS** Defendant's motion to compel arbitration, and **DISMISSES** the amended complaint without prejudice.

## I.     RELEVANT BACKGROUND TO PENDING MOTION

The facts as viewed in the light most favorable to Plaintiff are discussed in the Report and Recommendation. (See ECF No. 32.) The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual summation is accurate and incorporates it by reference. The court will only reference herein facts pertinent to the analysis of Plaintiff's claims.

Plaintiff alleges that she is an African-American woman over the age of sixty (60) who was employed as a "medical technician" by Defendant from April 5, 2004 until April 30, 2012. (ECF No. 1-1 at 7 ¶ 5, 8 ¶ 7; ECF No. 7 at 1 ¶ 5, 2 ¶ 7.) At the inception of her employment, Plaintiff was allegedly provided a document called an "Employee Handbook." (ECF No. 7 at 2 ¶ 8.) Plaintiff alleges that during the time leading up to her discharge, she reported concerns she had with resident safety to her supervisors. (ECF No. 1-1 at 8 ¶ 8; ECF No. 7 at 2 ¶ 9.) After voicing her concerns, Plaintiff alleges that her supervisor assigned her more housekeeping duties. (ECF No. 1-1 at 8 ¶ 11; ECF No. 7 at 2 ¶ 12.) Plaintiff further alleges that other younger, white

"medical technicians" were not required to complete the same housekeeping duties as Plaintiff. (ECF No. 1-1 at 8 ¶ 12; ECF No. 7 at 2 ¶ 13.) In addition, Plaintiff alleges that younger, white co-workers were not disciplined when they failed to perform some or all of their duties. (ECF No. 1-1 at 8 ¶ 13; ECF No. 7 at 3 ¶ 14.) Finally, Plaintiff alleges that after her discharge, Defendant hired several employees to perform the same job duties she had been required to perform alone. (ECF No. 1-1 at 9 ¶ 14; ECF No. 7 at 3 ¶ 15.) This action arises from Defendant's termination of Plaintiff's employment. (Id.)

After allegedly receiving the right to sue from the United States Equal Employment Opportunity Commission, Plaintiff filed an action in the Court of Common Pleas for the County of Greenville on January 31, 2013. (ECF No. 1-1 at 4, 7 ¶ 4.) Plaintiff alleged the following four (4) causes of action in the state court complaint: (1) race and age discrimination in violation of SCHAL; (2) wrongful termination in violation of public policy; (3) race and age discrimination in violation of Title VII; and (4) race and age discrimination in violation of § 1981. (Id. at 9-10.) On March 21, 2013, Defendant removed the action to this court based on federal question jurisdiction. (ECF No. 1 at 2 ¶ 6.)

On March 28, 2013, Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) asserting that Plaintiff was not entitled to relief on her age discrimination claims because neither Title VII nor § 1981 address discrimination on the basis of age. (ECF No. 6-1 at 3-4.) Plaintiff did not file opposition to Defendant's motion to dismiss. Instead, on April 15, 2013, Plaintiff filed an amended complaint alleging the following six (6) causes of action: (1) race and age discrimination in violation of SCHAL; (2) wrongful termination in violation of public policy; (3) race and age discrimination in violation of Title VII; (4) race and age discrimination in violation of § 1981; (5) race and age discrimination in violation of the ADEA;

and (6) breach of employment contract. (ECF No. 7 at 3-5.)

On April 26, 2013, Defendant filed a motion to compel arbitration and dismiss the action pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6) or, in the alternative, stay the proceedings. (ECF No. 10.) In support of its motion, Defendant argued that Plaintiff agreed to arbitrate any employment related claims that she might have against Defendant. (ECF No. 10 at 5 ¶¶ 10-11.) Plaintiff filed opposition to Defendant's motion to compel arbitration and dismiss or stay on July 29, 2013, contending that (1) the FAA is not applicable to this matter pursuant to Timms v. Greene, 427 S.E.2d 642 (S.C. 1993), because her job did not involve interstate commerce; (2) the arbitration policy does not comply with the South Carolina Uniform Arbitration Act[2] ("SCUAA"), S.C. Code Ann. §§ 15-48-10 to -240 (1978), and thus is unenforceable; (3) the arbitration policy is invalid because the handbook stated that it did not constitute a contract and the arbitration policy lacks consideration; and (4) the arbitration policy is unconscionable. (ECF No. 28.) Defendant filed a reply in support of its motion to compel arbitration and dismiss or stay on August 8, 2013. (ECF No. 30.)

On November 19, 2013, the Magistrate Judge issued the aforementioned recommendation that the court grant Defendant's motion to compel arbitration and dismiss the matter. (ECF No. 32 at 13.) On December 6, 2013, Plaintiff objected to the Magistrate Judge's recommendation stating that the Magistrate Judge erred in finding that Defendant's arbitration provision was enforceable. (ECF No. 34 at 1.) On February 24, 2014, Defendant replied to Plaintiff's objections asserting that the Magistrate Judge correctly found that Defendant is entitled to arbitrate Plaintiff's claims. (ECF No. 35 at 4-6.)

---

[2] The South Carolina Uniform Arbitration Act governs arbitration provisions that are controlled by South Carolina law. See generally S.C. Code Ann. §§ 15-48-10 to -240 (1978).

## II.     LEGAL STANDARD

A.     The Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

B.     Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)

A motion to dismiss for lack of subject matter jurisdiction filed pursuant to Fed. R. Civ. P. 12(b)(1), raises the fundamental question of whether a court has jurisdiction to adjudicate the matter before it. Id. In determining whether jurisdiction exists, the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. (citation omitted).

C.      Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Labs., Inc., 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

D.      Standard for Arbitration under the Federal Arbitration Act

"The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16 (2006)[3], governs the rights and

---

[3] Specifically, section 2 of the FAA provides that agreements to arbitrate found in contracts "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Section 3 of the FAA provides the means by which a party may seek a stay of pending litigation and a court order compelling arbitration. See

6

responsibilities of the parties with respect to an arbitration agreement." Forrester v. Penn Lyon Homes, Inc., 553 F.3d 340, 342 (4th Cir. 2009). "Under the [FAA], a party may demand a stay of federal judicial proceedings pending exercise of a contractual right to have the subject matter of the federal action decided by arbitration, unless the party seeking arbitration is 'in default' of that right." Microstrategy, Inc. v. Lauricia, 268 F.3d 244, 249 (4th Cir. 2001) (internal quotation marks omitted). The FAA reflects "a liberal federal policy favoring arbitration agreements . . . ." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983). "Pursuant to the liberal policy, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone Mem'l Hosp., 460 U.S. at 24. To that end, "the heavy presumption of arbitrability requires that when the scope of the arbitration clause is open to question, a court must decide the question in favor of arbitration." Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co., 867 F.2d 809, 812 (4th Cir. 1989) (citation omitted). Thus, the court may not deny a party's request to arbitrate an issue "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." Id.

Despite these policies favoring arbitration, federal courts have the authority to evaluate the validity of arbitration agreements. See Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 403-04 (1967). "If a party challenges the validity under [9 U.S.C.] § 2 of the precise agreement to arbitrate at issue, the federal court must consider the challenge before ordering compliance with that agreement under [9 U.S.C.] § 4." See Rent-A-Center, West, Inc. v.

---

9 U.S.C. § 3. Under section 4 of the FAA, a party, in response to an opposing party's refusal to arbitrate under a contract, may "petition in any United States district court which, save for such agreement, would have jurisdiction under Title 28 . . . for an order directing that such arbitration proceed in the manner provided for in the agreement." 9 U.S.C. § 4.

Jackson, 561 U.S. 63, 130 S. Ct. 2772, 2778 (2010).  Moreover, "as a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract . . . unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance."  Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 445-46 (2006).

"A party can compel arbitration under the FAA if it establishes: (1) the existence of a dispute between the parties; (2) a written agreement that includes an arbitration provision purporting to cover the dispute that is enforceable under general principles of contract law; (3) the relationship of the transaction, as evidenced by the agreement, to interstate or foreign commerce; and (4) the failure, neglect or refusal of a party to arbitrate the dispute."  Am. Gen. Life & Accident Ins. Co. v. Wood, 429 F.3d 83, 87 (4th Cir. 2005); Whiteside v. Teltech Corp., 940 F.2d 99, 102 (4th Cir. 1991).

### III.   ANALYSIS

A.    Defendant's Motion to Compel Arbitration and Stay or Dismiss the Matter

*1. The Magistrate Judge's Report and Recommendation*

In the Report and Recommendation, the Magistrate Judge summarized the alleged agreement between the parties to arbitrate as follows:

> [P]laintiff executed the 2012 Employee Handbook Acknowledgment Receipt, confirming her receipt of the newest version of the Employee Handbook and agreement to submit all disputes regarding her employment to binding arbitration pursuant to the terms of the Arbitration Policy included within the Handbook (see doc. 10-1).  The Arbitration Policy provides, among other things, that "[a]ny controversy, dispute or claim between any employee and the Company, or its officers, agents or other employees, shall be settled by binding arbitration, at the request of either party," and that "[t]he claims which are to be arbitrated under this policy include, but are not limited to, . . . claims for breach of contract (express or implied), claims for violation of public policy, wrongful termination, . . . claims for unlawful discrimination and/or harassment (including, but not limited to, race . . . age . . .) . . . " (doc. 10-2).  The Arbitration Policy also provides: "The arbitrability of any controversy, dispute or claim under this policy

> shall be determined by application of the substantive provisions of the Federal Arbitration Act (9 U.S.C. Sections 1 and 2) and by application of the procedural provisions of any applicable state arbitration laws[.]" ([I]d.).

Upon his review, the Magistrate Judge found that the FAA was applicable to the parties' arbitration agreement because (1) Defendant's business involved interstate commerce in the broadest sense and (2) courts in this district have consistently applied the FAA to employment disputes. (ECF No. 32 at 4-5 (citations omitted).) The Magistrate Judge found that the parties' arbitration agreement was valid and enforceable even if Defendant failed to adhere to the mandatory notice provisions of SCUAA. In this regard, the Magistrate Judge observed that "even where an arbitration agreement specifically states that the SCUAA is applicable, if the arbitration agreement is covered by the FAA and cannot be enforced under state law because of failure to comply with the notification requirements of the SCUAA, the FAA preempts the state law." (ECF No. 32 at 6 (citing Soil Remediation Co. v. Nu-Way Envtl., Inc., 476 S.E.2d 149, 151-52 (S.C. 1996) (enforcing, under FAA, arbitration agreement that failed to satisfy the notice requirements of the SCUAA) (citing Doctor's Assocs., Inc. v. Casarotto, 517 U.S. 681 (1996) (holding that "[c]ourts may not . . . invalidate arbitration agreements under state laws applicable only to arbitration provisions")))).)

The Magistrate Judge further found that the parties' arbitration agreement was valid and enforceable notwithstanding the handbook's disclaimer that it did not alter the parties' at-will relationship or that Defendant failed to provide Plaintiff additional consideration to be bound by the arbitration process. (ECF No. 32 at 7-8 (citing, e.g., Adkins v. Labor Ready, Inc., 303 F.3d 496, 501 (4th Cir. 2002) (finding that the agreement to be bound by arbitration is adequate consideration); Sedelnikova v. The Cheesecake Factory Restaurant, Inc., C.A. No. AW-09-2398, 2010 WL 2367387, at *5 (D. Md. June 7, 2010) ("As described above, the Court believes that the arbitration agreement language is clearly separate from the Handbook policy, and finds that it is

9

distinct enough from language establishing the Handbook is not a contract so as to not be influenced by it.")).)

Finally, the Magistrate Judge concluded that the parties' arbitration agreement was not unconscionable because (1) either party could request arbitration; (2) the parties would select an arbitrator by mutual agreement; (3) if the parties were unable to agree on a neutral arbitrator, either party could elect to obtain a list of arbitrators, and the parties would then alternately strike names from the list, with Plaintiff striking the first name; (4) arbitration proceedings would be held in the county and state where Plaintiff works or worked; (5) both parties were entitled to conduct reasonable discovery; (6) the cost of the arbitrator and other incidental costs of arbitration that would not be incurred in a court proceeding would be borne by Defendant; and (7) both parties understood that by using arbitration, they were giving up any right they may have had to a judge or jury trial with regard to all issues concerning Plaintiff's employment. (Id. at 9.)

Based upon the foregoing, the Magistrate Judge found that the parties' arbitration agreement was enforceable and he recommended that the action be dismissed. (Id. at 10 (citing Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 709-10 (4th Cir. 2001) ("[D]ismissal is a proper remedy," however, "when all of the issues presented in a lawsuit are arbitrable.")).)

        *2. The Parties' Arguments Regarding the Magistrate Judge's Recommendation*

In her objections to the Magistrate Judge's Report and Recommendation, Plaintiff argues that the Magistrate Judge erred in concluding that the FAA is applicable to her claims because there is no evidence establishing the requisite relationship between the parties' agreement and interstate commerce. (ECF No. 34 at 2-3 (citing, e.g., Timms v. Greene, 427 S.E.2d 642, 643-44

(S.C. 1993)).)  Plaintiff argues that the Magistrate Judge should not have found a valid and enforceable agreement to arbitrate between the parties because Defendant failed to adhere to mandatory provisions of SCUAA.  (Id. at 3.)  In support of this argument, Plaintiff pointed out that the employee handbook containing the alleged arbitration agreement did not comply with the following requirements of § 15-40-10:

> A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract.  Notice that a contract is subject to arbitration pursuant to this chapter shall be typed in underlined capital letters, or rubber-stamped prominently, on the first page of the contract and unless such notice is displayed thereon the contract shall not be subject to arbitration.

S.C. Code § 15-40-10(a) (2005).

Plaintiff further argues that the Magistrate Judge erroneously concluded that the parties' arbitration agreement was valid and enforceable because it lacked the necessary elements of contract formation (i.e., consideration, meeting of the minds) and was expressly disclaimed by the handbook as not constituting a contract.  (ECF No. 34 at 5-7.)  Finally, Plaintiff argues that the Magistrate Judge erred by not concluding that the arbitration provision was one-sided and unconscionable.  (Id. at 8 (citing Cheek v. United Health Care of the Mid-Atlantic, Inc., 835 A.2d 656 (Md. 2003)).)

In response to Plaintiff's objections to the Report and Recommendation, Defendant asserts that the court is not required to engage in a de novo review of Plaintiff's objections because she failed to make specific objections and merely restated prior arguments.  (ECF No. 35 at 2-3 (citing, e.g., Fed. R. Civ. P. 72(b)(3)).)  Defendant further asserts that even if the court was inclined to undertake a de novo review, the Magistrate Judge correctly found that the matter was subject to arbitration.  (Id. at 4-6.)

11

### *3. The Court's Review*

In this matter, Plaintiff disputes that the prerequisites for arbitration are established when her relationship with Defendant did not involve interstate or foreign commerce and there is no evidence of an enforceable arbitration agreement. However, in reviewing the factors for determining when a matter is arbitrable, the court finds that the Magistrate Judge did not commit clear error in concluding that the evidence in the record supported arbitration of Plaintiff's claims. In this regard, despite Plaintiff's arguments against compelling arbitration, the court is not persuaded that she has met her burden of proving that her claims are unsuitable for arbitration. Therefore, the court finds that it must compel arbitration of Plaintiff's claims in accordance with the FAA.

Upon the granting of a motion to compel arbitration, the court must determine whether to stay or dismiss Plaintiff's lawsuit. See 9 U.S.C. §§ 3 & 4 (stating that when an arbitration agreement governed by the FAA covers claims that have been asserted in a lawsuit, the court having jurisdiction over the case must compel arbitration and either dismiss the action or stay further judicial proceedings until arbitration has been held). Where all of the claims pled by a plaintiff are subject to an arbitration agreement, the court should dismiss the claims rather than merely stay further judicial proceedings. See Choice Hotels Int'l v. BSR Tropicana Resort, 252 F.3d 707, 709-10 (4th Cir. 2001) ("Notwithstanding the terms of § 3, however, dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable.").

Upon review of the terms of the arbitration provision at issue in this matter, the court finds that all of Plaintiff's causes of action in her amended complaint are subject to arbitration. (See ECF No. 10-2 at 1 ("The claims which are to be arbitrated under this policy include, but are not limited to, claims for . . . claims for breach of contract (express or implied), claims for

violation of public policy, wrongful termination, . . . claims for unlawful discrimination and/or harassment (including, but not limited to, race, religion, creed, color, national origin, ancestry, physical disability, mental disability, gender identity or expression, medical condition, marital status, age, pregnancy, sex or sexual orientation) . . . .").)  Moreover, Plaintiff did not offer any arguments or authority as to why a stay would be more appropriate than dismissal of her claims under these circumstances.  Accordingly, the court dismisses Plaintiff's amended complaint without prejudice.

B.     Defendant's Motion for Partial Dismissal

The Magistrate Judge observed that if the court adopted the recommendation to compel arbitration and dismiss the case, Defendant's motion to partially dismiss claims in the amended complaint for failure to state a claim would be rendered moot.  (ECF No. 32 at 10.)  The court agrees with the Magistrate Judge and deems Defendant's pending motion to dismiss moot after the dismissal of Plaintiff's amended complaint pursuant to Defendant's motion to compel arbitration.

## IV.     CONCLUSION

For the reasons set forth above, the court hereby **GRANTS** the motion by Defendant Assisted Living Concepts, Inc., to compel arbitration and **DISMISSES** the amended complaint without prejudice.  (ECF No. 10.)  The court deems **MOOT** Defendant's motion to partially dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6).  (ECF No. 6.)  The court **ACCEPTS** the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 18, 2014
Greenville, South Carolina